**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GARY SCOTT SELWAY,**

     **Petitioner,**

**v.**                                        **Case No. 4:25-cv-34-AW-MAF**

**FLORIDA COMMISSION ON
OFFENDER REVIEW and FLORIDA
DEPARTMENT OF CORRECTIONS,**

     **Respondents.**

_____/

## **FINAL ORDER**

A Florida court sentenced Petitioner Gary Scott Selway to 30 years in prison. His sentence was set to expire July 14, 2023. Some ten years before that, the State put Selway on conditional release until that date. Under Florida law, a person on conditional release must comply with certain conditions, and if he does not, he can be required to serve in prison the amount of time he was authorized to be on conditional release. That is what happened here. Selway was arrested, had his conditional release revoked, and was returned to prison for approximately ten more years.

A "warrant for retaking conditional release" issued in May 2023 (ECF No. 9-5 at 20), which was a few months before the July 14, 2023, expiration of his term. But the actual revocation came on July 26, 2023—twelve days after that expiration. The order said the revocation was effective May 12, 2023. ECF No. 9-5 at 31. In

1

Selway's view, the order came too late, and the State lacked authority to revoke conditional release because his sentence already expired. The State disagrees. It contends the warrant tolled the release date. State courts rejected Selway's multiple claims on this point, and Selway filed this federal habeas action.

The magistrate judge issued a report and recommendation concluding the court should deny the petition. ECF No. 21. Selway filed objections, ECF No. 28, and I have considered de novo the issues he raised in those objections.

In his report and recommendation, the magistrate judge analyzed the state-law issue and concluded the state courts correctly decided it. But as Respondents argue, Selway is not entitled to federal habeas relief without showing a violation of some *federal* right. *See* 28 U.S.C. § 2254(a) (limiting federal habeas relief to "the ground that [a state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States"); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (marks omitted) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Selway insists his claim *is* based on federal law. In his objections, he points to his reply, which says his detention "violates his right under the Fourteenth Amendment." ECF No. 14 at 4; *accord* ECF No. 28 at 5 ("However, the Report and Recommendation fails to mention that within Petitioner's reply he belied the Commission's assertion that he had not raised any Federal Constitutional issues."

2

(cleaned up)). But he cannot change the nature of his claim in his reply. His petition did not frame his challenge as one based on federal law. *See* ECF No. 1 at 6-7 (stating the Commission "was divested of jurisdiction" and "exceeded its scope of authority"); *accord id.* at 15 (requesting relief based on the Commission's lack of "jurisdiction or lawful authority"). This is enough to justify denial of his petition.

Regardless, even if Selway had properly raised (and exhausted) the federal claim, he has not shown that the state court's interpretation of state law created a violation of Selway's federal rights. He has not shown that the state court's interpretation was "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Rogers v. Tennessee*, 532 U.S. 451, 461 (2001) (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)); *see also Gibbs v. Cochran*, 142 So. 2d 276, 277-78 (Fla. 1962) (concluding the Parole Commission retained jurisdiction over a parolee after his parole terminated when the Commission timely issued a warrant for a pretermination violation).

I now adopt the report and recommendation and incorporate it into this order to the extent it is consistent with the discussion above. The clerk will enter a judgment that says, "The petition is DENIED." A certificate of appealability is DENIED. The motion for leave to file a request for admissions (ECF No. 35) is DENIED as moot. The motion to supplement the record (ECF No. 22) is DENIED because the proposed supplement would make no difference.

The clerk will close the file.

SO ORDERED on May 19, 2026.

s/ *Allen Winsor*
Chief United States District Judge